UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| **TIFFANY DYER,**<br>**Plaintiff,**<br>v.<br><br>**WAL-MART STORES, INC., WAL-MART STORES TEXAS, LLC AND CARLOS CASTANEDA,**<br>**Defendants** | **Civil Action No. _____** |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, your Plaintiff, **TIFFANY DYER**, complaining of and about **WAL-MART STORES, INC.,** and **CARLOS CASTANEDA** hereinafter called Defendants, and for cause of action would respectfully show this Honorable Court the following:

### A. PARTIES

1.  Plaintiff, **TIFFANY DYER**, is a United State citizen and an individual that is a resident of the State of Texas.

2.  On information and belief Defendant, **WAL-MART STORES, INC.** the parent company of **WAL-MART STORES TEXAS, LLC**, is a Delaware corporation with a place of business at 702 S.W. 8th Street, Bentonville, Arkansas 72716 and may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan St, Ste. 900, Dallas, Texas 75201-3136.

3.  On information and belief, Defendant, **WAL-MART STORES TEXAS, LLC** is a Delaware limited liability company, with a place of business at 702 S.W. 8th Street,

Bentonville, Arkansas 72716 and may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan St, Ste. 900, Dallas, Texas 75201-3136.

4. Defendant, **CARLOS CASTANEDA** is a Texas resident and may be served with process at his place of employment at 1701 N 23rd St, Canyon, TX 79015 or wherever he may be found.

## B. JURISDICTION

5. This Court has subject matter of this action pursuant to 28 U.S.C. § 1331 because this action is based on Title VII of the Civil Rights Act and because Plaintiff worked in this district.

## C. VENUE

6. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the unlawful employment practices alleged in this Complaint were committed within the Northern District of Texas.

## D. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC) and was issued a Dismissal and Notice of Right to Sue dated July 5, 2018. Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit "A".

## E. COUNT 1- SEXUAL HARASSMENT UNDER TITLE VII

8. Plaintiff, **TIFFANY DYER**, is a female employee protected under Title VII. Plaintiff, **TIFFANY DYER**, was hired on May 23, 2016, as a Department Manager over the stationery and housewares departments of Wal-Mart Supercenter #793 located at 1701 N 23rd St, Canyon, TX 79015,

9.     Defendant, **WAL-MART STORES, INC. and WAL-MART STORES TEXAS, LLC** are collectively referred to as "**WAL-MART**" for purposes of this complaint and until such time as discovery is complete, is an employer within the meaning of Title VII, is engaged in an industry affecting commerce, and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

10.    Defendant, **CARLOS CASTANEDA**, Plaintiff's supervisor, is employed by Defendant, **WAL-MART**, as an Assistant Manager at Walmart Supercenter #793 located at 1701 N 23rd St, Canyon, TX 79015.

11.    Defendant **CARLOS CASTANEDA** intentionally discriminated against plaintiff in violation of Title VII by subjecting plaintiff to quid pro quo sexual harassment. Specifically, Carlos Castaneda discriminated against plaintiff by following Plaintiff into the electrical room and with his pants down and physically grabbing Plaintiff and attempting to force her to kiss him.  At times pertinent hereto, Defendant **CASTANEDA** created a hostile working environment for your Plaintiff.

12.    Defendant **WAL-MART** is strictly liable for **CARLOS CASTANEDA's** discriminatory conduct because Carlos Castaneda took a tangible employment action against Plaintiff, **TIFFANY DYER**, that significantly changed Plaintiff's employment status. After reporting the incident Defendant, **CARLOS CASTANEDA,** remained the Plaintiff, **TIFFANY DYER's**, direct supervisor. Plaintiff, **TIFFANY DYER** was constructively discharged on December 1, 2017.

### F. COUNT 2-FALSE IMPRISONMENT

13.    Defendant, **CARLOS CASTANEDA,** willfully detained Plaintiff, **TIFFANY DYER**, by closing the door to the electrical room shutting only himself and her inside without a

way in which Plaintiff could retreat against Defendant **CASTANEDA's** advances and predatory practices.

14. Plaintiff, **TIFFANY DYER**, did not consent to the detention.

15. Defendant, **CARLOS CASTANEDA**, had no legal authority or justification to detain Plaintiff, **TIFFANY DYER**.

16. Defendant, **CARLOS CASTANEDA's**, wrongful act caused injury to Plaintiff, **TIFFANY DYER**, which resulted in damages.

## G. COUNT 3-NEGLIGENT HIRING/TRAINING

17. Defendant, **WAL-MART**, had a legal duty to hire and train competent employees.

18. Defendant, **WAL-MART** breached the duty when Defendant negligently hired and trained **CARLOS CASTANEDA** with knowledge of his prior sexual advances on other female employees at other stores.

19. Defendant, **WAL-MART,** breach of its duty to hire and train competent employees proximately caused injury to Plaintiff, **TIFFANY DYER**, which resulted in the following damages:

## F. DAMAGES

20. As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages.

   a.. Plaintiff was constructively discharged from employment with defendant. Although plaintiff has diligently sought other employment, she has been unable to find other equally paying employment and incurred mental health expenses for treatment as a result of the incident made the basis of this suit.

   b. Plaintiff suffered loss of her pension or retirement benefits.

    c.    Plaintiff seeks compensation for all lost wages and benefits, including loss of Social Security benefits. Reinstatement of plaintiff in her previous position is impractical and unworkable. Therefore, plaintiff seeks an award of front pay and retirement benefits to compensate her.

    d.    Plaintiff suffered mental anguish and emotional distress in the form of Post Traumatic Stress Syndrome.

## G. ATTORNEY FEES & COSTS

21.    Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

## H. PRAYER

22.    For these reasons, Plaintiff asks for judgment against defendants for the following:

    a.    A permanent injunction to stop the unlawful employment practices of Defendant Castaneda, affirmative action to rehire your Plaintiff in the same or similar capacity at the same or similar rate of pay with benefits, front pay, back pay and/or compensatory damages.

    b.    Punitive damages in an amount not to exceed two million dollars and as determined by the trier of fact.

    c.    Prejudgement and postjudgment interest at the highest rate allowed by law.

    d.    Reasonable attorney's fees to prosecute this matter.

    e.    Order Defendant, **WAL-MART t**o provide training to its officers, managers and employees regarding discriminatory harassment in the workplace.

    f.    Costs of suit.

    g.    All other relief the Court deems appropriate.

Respectfully submitted,

The Warner law Firm
101 S.E. 11th, Suite 301
Amarillo, TX 79101
Tele:   806.372.2595
Fax:    866.397.9054


By: /s/ Michael A. Warner
    **MICHAEL A. WARNER**
    State Bar No. 20827200
    Email:mike@thewarnerlawfirm.com
    Attorney for **TIFFANY DYER**