IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| **TIFFANY DYER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | |
| | § | Civil Action No. 2:18-cv-00187-D |
| | § | |
| **WAL-MART STORES INC., and** | § | |
| **WAL-MART STORES TEXAS, LLC** | § | |
| | § | |
| **Defendants.** | § | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

DEFENDANTS, WAL-MART STORES, INC. and WAL-MART STORES TEXAS, LLC (collectively "Walmart" or "Defendants") file this Original Answer to Plaintiff's First Amended Complaint ("Plaintiff's Complaint") and states:

### I.
### ANSWER

1. Defendants admit the factual allegations set forth in Paragraph 1 of Plaintiff's Complaint.

2. Defendants admit the factual allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3. Defendants admit the factual allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4. Defendants are unable to admit or deny the factual allegations contained in Paragraph 4 of Plaintiff's Complaint due to lack of knowledge.

5. Defendants admit that jurisdiction is proper in this Court and that Plaintiff has brought claims under Title VII and that Plaintiff worked in this District. Defendants deny the remaining factual allegations set forth in Paragraph 6 of Plaintiff's Complaint.

6. Defendants admit that venue is proper in this district. Defendants deny the remaining factual allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7. Defendant admits the factual allegations set forth are the first sentence of Paragraph 7 of Plaintiff's Complaint. Defendant denies the factual allegations set forth in Paragraph 7 of Plaintiff's Complaint. Defendant denies that a copy of the notice of right to sue was attached to Plaintiff's First Amended Complaint filed with the Court.

8. Defendants admit that Plaintiff was a female associate at Store No. 793 located in Canyon, Texas.

9. Defendants deny the remaining factual allegations set forth in Paragraph 8 of Plaintiff's Complaint.

10. Defendants admit the factual allegations set forth in Paragraph 9 of Plaintiff's Complaint.

11. Defendants deny the factual allegations set forth in Paragraph 10 of Plaintiff's Complaint.

12. Defendants deny the factual allegations set forth in Paragraph 11 of Plaintiff's Complaint.

13. Defendants deny the factual allegations set forth in Paragraph 12 of Plaintiff's Complaint.

14. Defendants deny the factual allegations set forth in Paragraph 13 of Plaintiff's Complaint.

15. Defendants deny the factual allegations set forth in Paragraph 14 of Plaintiff's Complaint.

16. Defendants deny the factual allegations set forth in Paragraph 15 of Plaintiff's Complaint.

17. Defendants deny the factual allegations set forth in Paragraph 16 of Plaintiff's Complaint.

18. Paragraph 17 contains a statement of law which requires to no substantive response. To the extent necessary, Defendants deny the factual allegations set forth in Paragraph 17 of Plaintiff's Complaint.

19. Defendants deny the factual allegations set forth in Paragraph 18 of Plaintiff's Complaint.

20. Defendants deny the factual allegations set forth in Paragraph 19 of Plaintiff's Complaint.

21. Defendants deny the factual allegations set forth in Paragraph 20 of Plaintiff's Complaint, including all subparts, and Defendants specifically deny Plaintiff is entitled to any of the damages or relief set forth therein.

22. Defendants deny the factual allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the factual allegations set forth in Paragraph 21 of Plaintiff's Complaint, including all subparts, and Defendants specifically deny Plaintiff is entitled to any of the damages or relief set forth therein.

## II.
## DEFENSES AND AFFIRMATIVE DEFENSES

1. Defendants affirmatively plead that Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations.

2. Plaintiff's claims for punitive damages are barred because any alleged unlawful actions by Defendants' agents or employees, which are specifically denied, were contrary to Defendants' good faith efforts to comply with applicable laws prohibiting discrimination.

3. Defendants affirmatively plead that to the extent Plaintiff failed to mitigate her damages, her claims for lost wages should be denied or, in the alternative, reduced.

4. Defendants affirmatively plead that any alleged adverse employment actions taken regarding Plaintiff's employment were based on legitimate, non-discriminatory business decisions and not for any unlawful reason.

5. Defendants assert that Plaintiff's claims are barred to the extent she has failed to exhaust her administrative remedies.

6. Defendants assert that Plaintiff's alleged damages, if any, are too speculative to permit recovery; in the alternative, if any Defendant is found liable and damages are awarded, all maximum statutory caps must be applied to Plaintiff's claims by the Court.

7. Any and all acts, conduct and/or omissions of Defendants in regard to Plaintiff were taken in good faith and without oppression or malice for Plaintiff and her rights, thereby precluding any and all claims for punitive damages. Plaintiff is not entitled to recover punitive damages because Plaintiff has failed to plead facts sufficient to support allegations of malice, oppression, or fraud, and such damages are either not recoverable or are limited in amount.

8. Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants to avoid the harm about which she complains.

9. Defendants took reasonable care to prevent and correct promptly any discriminatory behavior based on a legally protected characteristic of Plaintiff.

10. Defendants deny responsibility or liability for any alleged damages sustained by Plaintiff. However, if Plaintiff has sustained damages, then such damages, if any, should be reduced by the amount Plaintiff could reasonably have mitigated such damages by proper action and by the amount, if any, Plaintiff had actually mitigated such alleged damages, if any.

11. To the extent that any agent or employee of Defendants engaged in any of the actions alleged, which is specifically denied, he or she was acting outside the scope and course of his or her employment.

12. Defendants assert that it is entitled to offset any claimed economic damages by Plaintiff's interim earnings and benefits, as well as unemployment benefits.

13. Plaintiff may not recover actual and punitive damages under multiple or different theories and causes of action for the same or similar acts and is therefore eligible for only one remedy, if any, for her claims.

14. The Plaintiff's own acts caused or contributed to her own injury.

15. Plaintiff's acts or omissions were the direct and sole proximate cause of the alleged injuries and damages, if any.

16. Plaintiff's damages, if any, were caused in whole or in part by the negligent acts, omissions, conditions, or tangible items over which Defendants had no control, and that those acts, omissions, conditions, or tangible items were the proximate, contributing, sole, new and independent, or subsequent intervening and superseding cause of Plaintiff's damages, if any.

17. Plaintiff's recovery, if any, or medical or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of the Plaintiff as mandated by the TEXAS CIVIL PRACTICE AND REMEDIES CODE §41.0105;

18. Defendants further plead that they are entitled to all benefits and defenses available under Section 18.091 of the TEX. CIV. PRAC. & REM. CODE, and that all evidence submitted regarding loss of earnings, loss of earning capacity, loss of contributions of pecuniary value, or loss of inheritance must comply with the statutory requirements of such section.

19. Defendants breached no duty of care to Plaintiff, if any.

20. Defendants affirmatively plead the limitations of damages provisions contained in Chapter 304 of the Texas Finance Code, as superseded by § 311.031(c) of the Texas Government Code. Specifically, Defendants assert that prejudgment interest shall not accrue until the earlier of 180 days after the date Defendants received notice of the claim or the date suit was filed, and that the same is calculated as simple interest compounded annually.

## III.
## CONCLUSION AND PRAYER

WHEREFORE, for the foregoing reasons, Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores Texas, LLC respectfully pray that the Complaint in this action, being utterly without merit, be dismissed in its entirety with an award of attorney's fees and costs assessed against Plaintiff.

Respectfully submitted,

By: */s/ Rachel Z. Ullrich*
Rachel Z. Ullrich
ATTORNEY IN CHARGE
Texas Bar No. 24003234
rullrich@fordharrison.com

**FORDHARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, Texas  75201
Telephone:  (214) 256-4700
Facsimile:  (214) 256-4701

**ATTORNEYS FOR DEFENDANTS WAL-MART STORES, INC. and WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of November, 2018, a true and correct copy of the above foregoing instrument was filed with the Clerk of Court by using the CM/ECF system, which automatically serves a copy on all other counsel of record.

*/s/ Rachel Z. Ullrich*
Rachel Z. Ullrich